## IN THE OREGON TAX COURT

David R. and Sunny L. BEACH
*v.*
DEPARTMENT OF REVENUE
(TC 2830)

David R. Beach represented plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered August 30, 1989.

**CARL N. BYERS, Judge.**

This case has been submitted to the court on stipulated facts. Each of the parties has submitted a brief arguing their position.

Plaintiffs own a one-acre parcel of land located in Lane County. The land is used as a site for plaintiffs' residence and "in support of bona fide farming activities * * *." In their brief, plaintiffs' represent that the farm produces red raspberries and other produce marketed by private retail sale. The land is located in an exclusive farm use (EFU) zone.

The issue in this case can be best understood if placed in context. Oregon statutes provide for special assessment of farm land. This benefit is extended to land in both EFU zones and non-EFU zones. ORS 308.370. The statutes provide for

assessment based on a value for farm use. That is, the value that a prudent investor would pay for the land if its only use would be for farming. ORS 308.345(2). One might think that the value of land in an EFU zone would always be its farm use value. Such is not the case. One reason is there are many nonfarm uses permitted within an EFU zone. ORS 215.213. Also, the market value of the small tracts or parcels in an EFU zone may be influenced by the hobby or weekend farmer.

Achieving an acceptable system for special assessment of farm land in Oregon has not been easy. *See* Roberts, *The Taxation Of Farm Land In Oregon,* 4 Will L J 431 (1967). One facet of special assessment for farm land is the value of the land used for the residence of the farmer. In *Chapin v. Dept. of Rev.,* 290 Or 931, 627 P2d 480 (1981) the Supreme Court found that a farm dwelling was a "nonfarm use" under ORS 215.213. Consequently, such land was to be valued at its true cash value. The stage was thus set for enactment of ORS 308.377 by the 1987 Legislature. That statute provides:

> "(1)  To determine homesite value for purposes of ORS 308.345 and 308.372 the maximum value of a homesite is: *True cash value as provided in ORS 308.205 for the bare land* of the total parcel and contiguous acres under same ownership divided by the number of acres in the total parcel and contiguous acres under the same ownership, plus $4,000 or the depreciated replacement cost of land improvements necessary to establish the homesite, whichever is less.
>
> "(2)  For the purposes of establishing a homesite value, the value of one acre of land for each homesite, as determined in subsection (1) of this section shall be used.
>
> "(3)  As used in this section, 'homesite' means the land, including all tangible improvements to the land and all intangible assets to the land, under and adjacent to a dwelling and other structures, if any, which are customarily provided in conjunction with the dwelling." (Emphasis added.)

The issue is whether "bare land" is to be valued at farm use value or its market value. Plaintiffs contend for farm use value since the property is in an EFU zone. Defendant contends that the statute specifies market value. There has been no previous interpretation of ORS 308.377.

■ The court finds that ORS 308.377 commands use of the true cash value or market value of the land and not its farm use value. This statute specifically directs "true cash value as provided in ORS 308.205 * * *." ORS 308.205 defines true cash value as "the market value of the property * * *." Market value, of course, is the value at which property will exchange hands in the marketplace between knowledgeable and willing parties.

Plaintiffs argue that the legislature inserted two statutory references in ORS 308.377(1) because it intended to distinguish between EFU zoned land and non-EFU zoned land. They assert that ORS 308.345 is applicable to EFU zoned land and establishes farm use value as the "bare land" value.

Plaintiffs appear distracted by the phrase "bare land" in ORS 308.377. Elimination of that phrase makes the statute even clearer. It then reads: "True cash value as provided in ORS 308.205 for the * * * total parcel * * *." Such language is not ambiguous or in conflict with any other statutory provisions. Also, ORS 308.345 does not pertain to EFU zoned land only. The statute directs that land be valued for farm use "whether zoned for exclusive farm use * * * or whether * * * not within an exclusive farm use zone * * *." ORS 308.345(2).

The court's finding is consistent with the legislative history of ORS 308.377. That history reflects recognition by the legislature that smaller parcels have higher values per acre. ORS 308.377 was designed to eliminate any tax incentive to create smaller parcels of farm land. The creation of smaller parcels with eventual diversion to uses other than farm use is contrary to the purpose of the statutes. *Ritch v. Dept. of Revenue,* 4 OTR 206 (1970).

Defendant quotes in its brief the testimony of Jack Chapin of the Oregon Farm Bureau as follows:

" 'SB 15 will accomplish the following without imposing an income or an acreage test inside the EFU zone:

" '1. Raise the assessed value of all farm homesites by an amount that represents a reverse ratio from small to large farms.

" 'a.  *The assessed value of the homesites on the smallest parcels would be raised to approximately what the parcel would sell for.*

" 'b.  The assessed valuation of the homesites on the larger farms would also be raised to a figure close to what the homesite adds to the selling price of the farm.' Written testimony of Jack Chapin, Oregon Farm Bureau, presented to Senate Agriculture and Natural Resources Committee with respect to SB 15. (Emphasis added.)"[1]

Plaintiffs argue that this is only testimony and may not reflect the intent of the statute. It may be only testimony, but it is also consistent with the statute.

The parties have stipulated that if the court finds that the value of plaintiffs' land under ORS 308.377(1) is market value, that value for the 1988-89 tax year is $15,020. The court so finds. Accordingly, judgment will be entered in conformance with this opinion establishing the true cash value of the subject land as of January 1, 1988, at $15,020.

Costs to defendant.

---

[1] Mr. Chapin, a professional farmer, has substantial knowledge and insight with regard to the workings of the special farm use assessment statutes. *See Chapin v. Dept. of Rev.,* 8 OTR 361 (1980), *aff'd,* 290 Or 931, 627 P2d 480 (1981).